# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SANTIAGO MORALES, individually ) <br> and d/b/a DOMINIC'S BAR ) <br> ) <br> Defendant. ) <br> ) | 1:10-cv-01694-AWI-GSA <br><br> ORDER RE: MOTION FOR DAMAGES <br><br> (Doc. 24) |

## I. INTRODUCTION

Plaintiff J & J Sports Productions, Inc., has filed a motion for an award of damages against defendant Santiago Morales, individually and d/b/a Dominic's Bar. For reasons discussed below, the motion shall be granted, but in an amount lower than requested by Plaintiff.

## II. FACTS AND PROCEDURAL BACKGROUND

On September 16, 2010, plaintiff J & J Sports Productions, Inc. (hereinafter referred to as "Plaintiff") filed its complaint against defendant Santiago Morales, individually and d/b/a Dominic's Bar (hereinafter referred to as "Defendant"), asserting causes of action for (1) violation of 47 U.S.C. §

605, (2) violation of 47 U.S.C. § 553, (3) conversion and (4) violation of California's Unfair Competition Law (UCL), California Business and Professions Code Sections 17200 et seq. In the complaint, Plaintiff alleged as follows:

> "9. Pursuant to contract, Plaintiff J & J Sports Productions, Inc., was granted the exclusive nationwide commercial distribution (closed-circuit) rights to '*Number One*': *The Floyd Mayweather, Jr. v. Juan Manuel Marquez Championship Fight Program,* telecast nationwide on Saturday, September 19, 2009 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the 'Program'). [¶] 10. Pursuant to contract, Plaintiff J & J Sports Productions, Inc., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of California, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit *the Program* within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.). [¶] 11. As a commercial distributor and licensor of sporting events, including *the Program*, Plaintiff J & J Sports Productions, Inc., expended substantial monies marketing, advertising, promoting, administering, and transmitting *the Program* to its customers, the aforementioned commercial entities."

Plaintiff further alleged:

> "[¶] 12. With full knowledge that *the Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every of the above named Defendant and/or agents, servants, workmen or employees did unlawfully intercept, receive, publish, divulge, display, and/or exhibit *the Program* at the time of its transmission at commercial establishment in Madera, California . . . . [¶] 13. Said unauthorized interception, reception, publication, divulgence, display, and/or exhibition by each of the Defendant was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain."

On October 22, 2010, Defendant answered the complaint, asserting a general denial of the allegations. On September 30, 2011, Plaintiff moved for partial summary judgment pursuant to Federal Rule of Civil Procedure 56(a), seeking judgment only as to Defendant's liability for the section 605, section 553 and conversion claims. In an order issued December 21, 2011 and filed December 22, 2011, the Court granted partial summary judgment in favor of Plaintiff and against Defendant as to the section 605, section 553 and conversion claims. *J & J Sports Productions, Inc. v. Morales,* slip copy, 2011 WL 6749080 (E.D.Cal. December 22, 2011) (*J & J Sports*).

On January 26, 2012, Plaintiff filed its motion for an award of damages against Defendant, seeking enhanced maximum statutory damages pursuant section 605 as well as damages for

2

conversion.[1] Plaintiff further requested permission to file a separate motion for attorneys' fees and costs. Defendant did not file a written opposition to Plaintiff's motion for damages.

## IV. DISCUSSION

***A. Damages for section 605 violation*** – 47 U.S.C. § 605 prohibits the unauthorized interception and exhibition of closed-circuit television programming, see *Kingvision Pay-Per-View, Ltd. v. Jasper Grocery,* 152 F.Supp.2d 438 (S.D.N.Y. 2001), and satellite-delivered programming. *DirecTV, Inc. v. Webb,* 545 F.3d 837, 843 (9th Cir. 2008). Subsection (a) of the statute provides in pertinent part: "[N]o person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception, (1) to any person other than the addressee, his agent, or attorney . . . . No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, . . . or meaning of such intercepted communication to any person." 47 U.S.C. § 605(a). "Any person aggrieved by a violation of subsection (a)" may bring a civil action for actual or statutory damages for each violation. 47 U.S.C. § 605(e)(3)(A), (C). "Any person aggrieved" includes "any person with proprietary rights in the intercepted communication." 47 U.S.C. § 605(b)(6). In its order granting partial summary judgment in favor of Plaintiff, the Court found Defendant liable under section 605(a) and further found Plaintiff was a person aggrieved under the statute. *J & J Sports, supra,* 2011 WL 6749080, at *3. Plaintiff now moves for maximum statutory damages of $10,000.00 pursuant to section 605(e)(3)(C)(i)(II) and the maximum statutory enhancement of $100,000 pursuant to section 605(e)(3)(C)(ii), for total damages of $110,000.00.

"[T]he party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum not less than $1,000 or more than

---

[1] Plaintiff does not seek damages pursuant to section 553.

$10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). "[I]n any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section." 47 U.S.C. § 605(e)(3)(C)(ii). Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds neither an award of maximum statutory damages nor the maximum statutory enhancement is warranted in this case.

Plaintiff directs the Court to the requests for admission propounded on Defendant whereby Defendant, in failing to respond, essentially admitted that he required patrons to pay a cover charge to enter Dominic's Bar the night *the Program* was telecast and willfully exhibited *the Program* for his financial gain. Plaintiff further directs the Court to the declaration of investigator Mitch Gerking, submitted with the motion for partial summary judgment, wherein Gerking described Dominic's Bar as an "average sized . . . bar" with a capacity of "approximately 60+ patrons" and three color televisions ranging in size from 19 inches to 54 inches. However, the Court notes that Gerking also testified he conducted three separate headcounts when he visited the bar the night *the Program* was telecast, but never saw more than fourteen patrons. In addition, Plaintiff has provided no evidence to show Defendant promoted *the Program* or charged a premium for food and beverages while it aired. Under these circumstances, the Court finds it difficult to believe Defendant experienced any significant commercial advantage or private financial gain from airing *the Program*, despite admissions to the contrary. Furthermore, nothing suggests Defendant was a repeat offender who had intercepted and broadcast closed-circuit events on previous occasions. Thus, the Court exercises its discretion to award statutory damages in the amount of $4,400.00 with no enhancement.

**B. Damages for conversion** – Plaintiff further requests damages for conversion. In California, conversion is "the wrongful exercise of dominion over" property belonging to another. *Burlesci v. Petersen,* 68 Cal.App.4th 1062, 1066, 80 Cal.Rptr.2d 704 (1998). The elements of conversion are

4

"(1) the plaintiff's ownership or right to possession of personal property, (2) the defendant's disposition of the property in a manner that is inconsistent with the plaintiff's property rights; and (3) resulting damages." *Fremont Indemnity Co. v. Fremont General Corp.,* 148 Cal.App.4th 97, 119, 55 Cal.Rptr.3d 621 (2007).  As noted above, Gerking testified the capacity of Dominic's Bar is approximately 60 patrons.  The rate card submitted with the motion for partial summary judgment further showed for an establishment with a capacity of up to 100 persons, *the Program*'s licensing fee was $2,200.00.  Thus, Plaintiff is entitled to $2,200.00 as compensatory damages for conversion.

## V. DISPOSITION

Based on the foregoing, Plaintiff's motion for damages is GRANTED in the amount of $4,400.00 for the section 605 violation and $2,200.00 for conversion, for total damages of $6,600.00.  Plaintiff may file a motion for attorneys' fees and costs within 30 calendar days of entry of this order.

IT IS SO ORDERED.

Dated:     March 8, 2012                              _____
                                                     CHIEF UNITED STATES DISTRICT JUDGE