IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SANTIAGO MORALES, individually and d/b/a DOMINIC'S BAR <br><br> Defendant. | 1:10-cv-01694-AWI-GSA <br><br> ORDER RE: MOTION FOR VOLUNTARY DISMISSAL <br><br> (Doc. 27) |

**I. INTRODUCTION**

Plaintiff J & J Sports Productions, Inc., has filed a motion to voluntarily dismiss the second and fourth causes of action in the complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). For reasons discussed below, the motion shall be granted.

**II. FACTS AND PROCEDURAL BACKGROUND**

On September 16, 2010, plaintiff J & J Sports Productions, Inc. (hereinafter referred to as "Plaintiff") filed its complaint against defendant Santiago Morales, individually and d/b/a Dominic's Bar (hereinafter referred to as "Defendant"), asserting four causes of action for violation of 47 U.S.C.

§ 605, violation of 47 U.S.C. § 553, conversion and violation of California's Unfair Competition Law (UCL), California Business and Professions Code Sections 17200 et seq. On October 22, 2010, Defendant answered the complaint, asserting a general denial of the allegations.

On September 30, 2011, Plaintiff moved for partial summary judgment pursuant to Federal Rule of Civil Procedure 56(a), seeking judgment only as to Defendant's liability for the section 605, section 553 and conversion claims. In an order issued December 21, 2011 and filed December 22, 2011, the Court granted partial summary judgment in favor of Plaintiff and against Defendant as to the section 605, section 553 and conversion claims. *J & J Sports Productions, Inc. v. Morales,* slip copy, 2011 WL 6749080 (E.D.Cal. December 22, 2011) .

On January 26, 2012, Plaintiff filed its motion for an award of damages against Defendant, seeking enhanced maximum statutory damages pursuant section 605 as well as damages for conversion. Plaintiff further requested permission to file a separate motion for attorneys' fees and costs. On March 8, 2012, the Court issued an order awarding damages in the amounts of $4,400.00 for the section 605 violation and $2,200.00 for conversion, for total damages of $6,600.00. The Court further allowed Plaintiff to file a motion for attorneys' fees and costs within 30 days. *J & J Sports Productions, Inc. v. Morales,* slip copy, 2012 WL 761670 (E.D.Cal. March 8, 2012).

On March 13, 2012, Plaintiff filed its motion to dismiss the second and fourth causes of action in the complaint – the section 553 and UCL claims, respectively – without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Defendant did not file a written opposition.

### III. DISCUSSION

Federal Rule of Civil Procedure 41(a)(2) provides in pertinent part that where a defendant has served an answer or motion for summary judgment, or does not stipulate to a dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The purpose of the rule is to permit a plaintiff to dismiss an action without

prejudice so long as the defendant will not be prejudiced, [citation], or unfairly affected by dismissal. [Citations.]" *Stevedoring Services of America v. Armilla International B.V.,* 889 F.2d 919, 921 (9th Cir. 1989). "Plain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton v. Firestone Tire & Rubber Company, Inc.,* 679 F.2d 143, 145 (9th Cir. 1982). Rather, "[f]actors to consider in determining legal prejudice are [¶] (1) The defendant's effort and expense involved in preparing for trial; [¶] (2) Excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; [¶] (3) Insufficient explanation of the need to take a dismissal; and [¶] (4) The fact that summary judgment has been filed by the defendant." *U.S. v. Berg,* 190 F.R.D. 539, 543 (E.D.Cal. 1999) (citing *Paulucci v. City of Duluth,* 826 F.2d 780, 783 (8th Cir. 1987)).

Having reviewed the record, the Court finds that all factors except the third weigh in favor of Plaintiff. Defendant, as noted above, filed an answer to the complaint on October 22, 2010. Since then, he has not participated in the litigation, let alone filed a motion for summary judgment. Therefore, Defendant's effort and expense in preparing for trial could not have been significant. Plaintiff, by contrast, has been diligent in prosecuting the action, and has already succeeded in obtaining partial summary judgment as to liability as well as an award of damages. While Plaintiff provides no explanation as to why dismissal of the second and fourth causes of action is needed, the foregoing circumstances strongly suggest Defendant will not be prejudiced or unfairly affected by dismissal. Accordingly, the Court exercises its discretion to grant Plaintiff's motion.

**IV. DISPOSITION**

Plaintiff's motion to dismiss the second and fourth causes of action in the complaint is GRANTED. The second and fourth causes of action are hereby DISMISSED without prejudice.

IT IS SO ORDERED.

Dated:   March 29, 2012

CHIEF UNITED STATES DISTRICT JUDGE

3